Slip Op. 10-34

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FUJIAN LIANFU FORESTRY CO., LTD., A.K.A. FUJIAN WONDER PACIFIC INC., FUZHOU HUAN MEI FURNITURE CO., LTD., AND JIANGSU DARE FURNITURE CO., LTD., <br><br>              Plaintiffs, <br><br>       v. <br><br>UNITED STATES, <br><br>              Defendant. | Before: Leo M. Gordon, Judge <br><br> Consol. Court No. 07-00306 |

**OPINION**

[Final remand results sustained.]

Dated: April 5, 2010

    Arent Fox LLP (Nancy A. Noonan, Matthew L. Kanna) for Plaintiffs Fujian Lianfu Forestry Co., Ltd., a.k.a. Fujian Wonder Pacific Inc., Fuzhou Huan Mei Furniture Co., Ltd., and Jiangsu Dare Furniture Co., Ltd.

    Steptoe & Johnson LLP (Thomas J. Trendl, Jamie B. Beaber) for Plaintiffs Starcorp Furniture Co., Ltd., Starcorp Furniture (Shanghai) Co., Ltd., Orin Furniture (Shanghai) Co., Ltd., Shanghai Star Furniture Co. Ltd., and Shanghai Xing Ding Furniture Industrial Co., Ltd.

    Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Brian A. Mizoguchi, Senior Trial Attorney); and Office of Chief Counsel for Import Administration, U.S. Department of Commerce (Rachel E. Wenthold), of counsel, for Defendant United States.

    King & Spalding LLP (J. Michael Taylor, Jeffrey M. Telep, Joseph W. Dorn, Stephen A. Jones) for Defendant-Intervenor American Furniture Manufacturers Committee for Legal Trade and Vaughn-Bassett Furniture Co. Inc.

    Gordon, Judge: Before the court are the Final Results of Redetermination Pursuant to Court Remand (Dec. 14, 2009) ("Remand Results") filed by the

Consol. Court No. 07-00306                                                                                    Page 2

U.S. Department of Commerce ("Commerce") pursuant to Fujian Lianfu Forestry Co. v. United States, 33 CIT __, 638 F. Supp. 2d 1325 (2009).  Plaintiffs Starcorp Furniture Company Ltd., Starcorp Furniture (Shanghai) Co., Ltd., Orin Furniture (Shanghai) Co., Ltd., Shanghai Star Furniture Co., Ltd., and Shanghai Xing Ding Furniture Industrial Co., Ltd. (collectively "Starcorp") challenge the Remand Results.  Familiarity with the court's decision in Fujian is presumed.

**Background**

This case involves challenges to the first administrative review (2004-2005) of the antidumping duty order covering wooden bedroom furniture from China.  During the administrative proceeding Commerce assigned Starcorp a total adverse facts available ("AFA") rate of 216.01 percent, which Starcorp challenged.  The court sustained Commerce's use of total AFA, but remanded the case to Commerce because Commerce had failed to corroborate the rate by tying it to Starcorp (or explaining why it was not practicable to do so).  Fujian, 33 CIT at ___, 638 F. Supp. 2d at 1337.

On remand Commerce tied the rate to Starcorp by comparing it to model-specific margins calculated for Starcorp during the investigation, the prior segment of the proceeding.  Commerce examined the program output used to calculate Starcorp's weighted average dumping margin in the investigation, and found that the AFA rate fell within the range of Starcorp's model-specific margins.  Remand Results at 7; see also Remand Results, Confid. Attach. 2, at 10.

Consol. Court No. 07-00306 Page 3

**Standard of Review**

For administrative reviews of antidumping duty orders, the court sustains determinations, findings, or conclusions of the U.S. Department of Commerce unless they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." Section 516A(b)(1)(B)(i) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(b)(1)(B)(i) (2006).[1]

**Discussion**

Starcorp argues that the Starcorp model-specific margins on which Commerce relied are "aberrant" outliers because they are much higher than the overall average margin Starcorp received when it was treated as a cooperative respondent (15.78 percent). See Comments of Starcorp on Final Remand Redetermination (Jan. 27, 2010) ("Starcorp Cmts.") at 7-12. Starcorp also argues, for basically the same reason, that the rate is "punitive." Id. at 12. The United States Court of Appeals for the Federal Circuit has on two occasions, however, sustained Commerce's corroboration of a total AFA rate based on a small number of individual transactions, regardless of whether such transactions represent a small percentage of respondent's sales. See Ta Chen Stainless Steel Pipe, Inc. v. United States, 298 F.3d 1330, 1339-40 (Fed. Cir. 2002) (sustaining corroboration of AFA rate based on the margin of a single sale calculated for the uncooperative respondent that represented just .04 percent of total sales); PAM, S.p.A. v. United States, 582 F.3d 1336, 1340 (Fed. Cir. 2009) (sustaining corroboration of AFA rate based on transactions representing .05 percent of

---

[1] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2006 edition.

sales). Commerce's corroboration of Starcorp's rate is consistent with the approach sustained in Ta Chen and PAM. The 216.01 percent total AFA rate falls within the range of, and ties to, Starcorp's actual margins, and therefore must be sustained.

Starcorp also contends that Commerce's reliance on data from the investigation is unlawful because the data was not included in the first review administrative record. See Starcorp Cmts. at 3-6. Commerce, however, properly relied upon Starcorp's record data from the prior proceeding, enabling Commerce to comply with the court's remand instructions to tie the selected rate to Starcorp. The antidumping statute requires Commerce to corroborate, if practicable, a total AFA rate, from "independent sources that are reasonably at [Commerce's] disposal.]" 19 U.S.C. § 1677e(c). As this was the first administrative review under the antidumping duty order, the recently completed less than fair value investigation provided an obvious source of independent corroborating information for Commerce to tie its chosen proxy to Starcorp.

There is no bar, statutory or otherwise, to Commerce accessing and using that information on remand even though it was not originally part of the administrative record for the final results. In PAM, for example, the Federal Circuit reviewed and approved Commerce's corroboration efforts that involved reliance upon data from earlier proceedings that Commerce first accessed and used on remand from the Court of International Trade. PAM, 582 F.3d 1336, 1338, 1340 & n.2 ("On remand, Commerce used PAM's databases from the fourth administrative review – in which PAM was also a respondent – and found the 45.49% AFA margin it had assessed in the sixth

Consol. Court No. 07-00306                                                                               Page 5

administrative review was corroborated by United States sales in the fourth review with margins in excess of 45.49%.").

During the remand proceedings here, Starcorp was provided the opportunity to review and comment on the Starcorp margin data upon which Commerce relied. Specifically, Commerce released the margin output in both hard copy (paper) and electronic form to the parties. Non Pub. Remand Record, Docs. 1-3. Prior to submitting comments on the draft remand results, Starcorp alerted Commerce to certain discrepancies in the electronic data release. Pub. Remand Record, Doc. 5. Prior to the submission of its final remand results, Commerce responded to Starcorp's concerns about the data relied upon, re-released the electronic output, and provided Starcorp additional comment time. Pub. Remand Record, Docs. 6 and 7; see also Remand Results at n.1. Starcorp does not contest the accuracy of the Starcorp model-specific margin calculations upon which Commerce's remand results rely. Nor does Starcorp deny that the program output relied upon was based upon its own sales data from the investigation. Thus, the court is not persuaded that the remand process and Commerce's augmentation of the administrative record with corroborating information was in any way unreasonable.

## CONCLUSION

Commerce's <u>Remand Results</u> comply with the court's remand order, are supported by substantial evidence, and otherwise in accordance with law. Accordingly, the court sustains Commerce's <u>Remand Results</u> and will enter judgment for the United States.

<u>    /s/ Leo M. Gordon        </u>
Judge Leo M. Gordon

Dated:     April 5, 2010
           New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FUJIAN LIANFU FORESTRY CO., LTD., A.K.A. FUJIAN WONDER PACIFIC INC., FUZHOU HUAN MEI FURNITURE CO., LTD., AND JIANGSU DARE FURNITURE CO., LTD.,<br><br>                Plaintiffs,<br><br>                v.<br><br>UNITED STATES,<br><br>                Defendant. | Before: Leo M. Gordon, Judge<br><br>Consol. Court No. 07-00306 |

**JUDGMENT**

This case having been submitted for decision, and the court, after due deliberation, having rendered opinions; now in conformity with those opinions, it is hereby

**ORDERED** that the final results of the administrative review of the antidumping duty order covering wooden bedroom furniture from the People's Republic of China, Wooden Bedroom Furniture from the People's Republic of China, 72 Fed. Reg. 46,957 (Dep't of Commerce Aug. 22, 2007), as amended, 72 Fed. Reg. 62,834 (Dep't of Commerce Nov. 7, 2007) (amended final results admin. review), are sustained, except for the matters covered by the Final Results of Redetermination (Dep't of Commerce Dec. 14, 2009) ("Remand Results"); it is further

**ORDERED** that the Remand Results are sustained; and it is further

**ORDERED** that the subject entries enjoined in this action, see Fujian Lianfu Forestry Co. v. United States, Consol. Court No. 07-00306 (USCIT Aug. 24, 2007)

Consol. Court No. 07-00306                                                                                          Page 2

(order granting consent motion for preliminary injunction), must be liquidated in accordance with the final court decision, including all appeals, as provided for in Section 516A(e) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(e) (2006).

                                                                   /s/ Leo M. Gordon
                                                                   Judge Leo M. Gordon

Dated:       April 5, 2010
               New York, New York

## NOTICE OF ENTRY AND SERVICE

      This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

      Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

      Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

      Tina Potuto Kimble
      Clerk of the Court

Date: _____     By: _____
                                                            Deputy Clerk